UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------x

ISAIAH SOSA, an infant by his mother
And natural guardian, STEPHANIE SOSA,
And STEPHANIE SOSA, Individually

                      Plaintiffs

-against-

LACY'S EXPRESS INC. and LUCAS E. DODGE,

                      Defendants
------------------------------------------------x

Docket No:

12-7223 (CCC)

COMPLAINT

Plaintiffs Demand Trial by Jury

Plaintiffs by their attorneys, SAKKAS, CAHN & WEISS, LLP, complaining of the Defendants, respectfully allege, upon information and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE INFANT PLAINTIFF, ISAIAH SOSA

1. That at all times herein mentioned, the Plaintiffs were and still are residents of the County of Westchester, State of New York.

2. That the Defendant, LACY'S EXPRESS INC., was and still is a domestic corporation, organized and existing under and by virtue of the laws of the State of New Jersey.

3. That the Defendant, LACY'S EXPRESS INC., was and still is a foreign corporation authorized to do business in the State of New Jersey.

4. That the Defendant, LUCAS E. DODGE, was and still is a resident of the State of New Jersey.

5. That this Court has jurisdiction over this action pursuant to 28 U.S.C.1332(a) and as the Defendant, LACY'S EXPRESS INC., is a corporation incorporated pursuant to the laws of the State of New Jersey with their principal place of business within the State of New

Jersey; the Defendant, LUCAS E. DODGE, is a resident of the State of New Jersey; the Plaintiffs, ISAIAH SOSA, an infant by his mother and natural guardian, STEPHANIE SOSA, were and still are residents of the State of New York and the amount in controversy exceeds $75,000.00.

6. That this Honorable Court has venue over this action pursuant to 28 U.S.C. § 1391(1) and 1391(3) in that the Defendant, LACY'S EXPRESS INC., is a corporation incorporated pursuant to the laws of the State of New Jersey and the Defendant, LUCAS E. DODGE, is a resident of the State of New Jersey, and the amount in controversy exceeds $75,000.00.

7. At all times herein mentioned, the Defendant, LUCAS E. DODGE, was an employee of the Defendant, LACY'S EXPRESS INC., acting in the course of his employment.

8. At all times herein mentioned, the Defendant, LACY'S EXPRESS INC, was the lessee of a 2011 Peterbilt Motors Co. motor vehicle/truck bearing New Jersey Registration #AH490U.

9. At all times herein mentioned, the Defendant, LACY'S EXPRESS INC., owned a 2011 Peterbilt Motors Co. motor vehicle/truck bearing New Jersey Registration #AH490U.

10. At all times herein mentioned, the Defendant LUCAS E. DODGE, was the operator of the aforementioned motor vehicle/truck.

11. At all times herein mentioned, the Defendant, LUCAS E. DODGE, operated the aforementioned motor vehicle/truck with the permission and consent of the Defendant owner.

12. At all times herein mentioned, the Defendant, LUCAS E. DODGE, was operating the said vehicle in the ordinary course of his employment.

13. Upon information and belief, that at all times herein mentioned, the Delaware

Memorial Bridge, New Castle, Delaware, was and still is a public highway.

14. That on November 28, 2010 at approximately 7:00 a.m. the infant Plaintiff was a passenger in the vehicle of his father, CESAR SOSA, which was disabled on the Bridge and was struck in the rear by the aforesaid motor vehicle/truck owned and operated by the Defendants, LACY'S EXPRESS INC. and LUCAS E. DODGE.

15. That the aforesaid occurrence was caused solely and wholly by the negligence of the Defendants, without any negligence on the part of the Plaintiffs contributing thereto.

16. That the aforementioned motor vehicle/truck on November 28, 2010 was negligently operated by the Defendants, as a result of which the infant Plaintiff was caused to sustain injuries.

17. That as a result of the negligence of the Defendants, the infant Plaintiff became sick, sore, lame and disabled, and remains so since said occurrence. Plaintiff has received severe and permanent personal injuries in and about diverse portions of the person of the Plaintiff; experienced great pain and suffering; was caused to sustain injuries which incapacitated and will continue to incapacitate Plaintiff; was caused to expend sums of monies for medical care and attention; has been confined to bed and home; has required medical care and attention and upon information and belief, will incur further additional costs and expenses in the future for medical care and attention; suffered and continues to suffer mental anguish and was caused to lose earnings, incur expenses for care and treatment and otherwise suffered damages, as a result of this occurrence.

18. As a direct and proximate result of the negligence, carelessness and recklessness of the defendants as hereinbefore described, the infant plaintiff sustained personal injuries which has prevented him from performing substantially all of the material acts which constitute

the usual and customary daily activities, for a period of more than ninety (90) days during the one hundred and eighty (180) days immediately following the within described accident. Plaintiff's injuries were accompanied by severe pain, suffering, mental suffering and emotional distress and he was forced to seek and continues to seek medical care and treatment and he has become obligated thereby; and it is verily believed that all of the aforementioned injuries are permanent in their nature and that plaintiff will continue to suffer great pain, suffering, mental suffering and emotional distress. Plaintiff may continue to require future medical care and treatment and may therefore become further obligated thereby.

19. The infant Plaintiff, ISAIAH SOSA, sustained the following personal injuries as a result of the above accident:

Laceration to forehead requiring suturing with 15 sutures, resulting in facial scarring;

6 x 0.5 cm cicatrix, right upper lid and forehead required operative procedure consisting of excision, advancement closure. The area was infiltrated with anesthetic and prepped and draped in sterile fashion. An elliptical excision of the lesion was performed with a narrow margin of normal skin. An advancement flap was created for closure. The resulting wound was closed in a layered fashion;

Bruising, Swelling, Permanent Facial Scarring of site.

The infant Plaintiff received emergency treatment at Christina Care Hospital, 4755 Ogletown-Stanton Road, Newark, DE 19718.

The infant Plaintiff was placed under the care of physician, ALAN M. FREEDMAN, M.D., 885 Northern Blvd., Great Neck, New York 11021.

20. That by reason of the foregoing, the infant Plaintiff has been damaged and should be compensated in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, STEPHANIE SOSA

21. Plaintiff, STEPHANIE SOSA, repeats and realleges each and every allegation

contained in the prior applicable paragraphs of this complaint, with the same force and effect as if alleged in full.

22. That this Plaintiff was and still is the mother and natural guardian of the injured infant Plaintiff herein, and as such was and still is entitled to the services, society and companionship of said injured infant Plaintiff.

23. As a result of all of the foregoing, this Plaintiff was deprived of the services, society and companionship of said child, the injured infant Plaintiff herein.

24. That by reason of the foregoing, the Plaintiff has been damaged and should be compensated in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

WHEREFORE, Plaintiffs demand judgment against the Defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS on the First Cause of Action and in the amount of TWO MILLION ($2,000,000.00) DOLLARS on the Second Cause of Action, together with the costs and disbursements of this action. Plaintiffs demand judgment against Defendants, jointly and/or severally, due to their negligence in the ownership, operation, maintenance and control of their vehicle in causing the injuries sustained by the infant Plaintiff.

MITCHEL E. WEISS, ESQ. (MEW6226)
SAKKAS, CAHN & WEISS, LLP.
Attorneys for Plaintiffs
150 Broadway- Suite 1307
New York, NY  10038
(212) 571-7171

# VERIFICATION

MITCHEL E. WEISS, ESQ., hereby affirms under the penalties of perjury, as follows:

That I am counsel to the attorney for the plaintiffs in the within action. That I have read the foregoing **COMPLAINT** and know the contents thereof and the same is true to my own knowledge except as to the matters therein stated to be alleged upon information and belief and as to those matters, I believe it to be true. That the reason this Verification is made by affirmant and not by said plaintiffs is that plaintiffs do not reside in the County wherein your affirmant's office is located.

Affirmant further states that the source of my information and the grounds for my belief as to all matters made on behalf of the plaintiffs and/or information are contained in your affirmant's file.

Dated: New York, N.Y.
November 20, 2012

MITCHEL E. WEISS, ESQ.